UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
CHRIS FALLOWS,

         Plaintiff,

 -against-            **REPORT & RECOMMENDATION**
                     **22 CV 7964 (ARR)(LB)**

VOS IZ NEIAS LLC[1], and DOES 1 through 10 inclusive,

         Defendants.
-----------------------------------------------------------------

**BLOOM, United States Magistrate Judge**:

  Plaintiff, Chris Fallows, brings this civil action against defendant, Vos Iz Neias LLC ("Vos Iz Neias" or "defendant") and "Does 1 through 10 inclusive" (the "Doe defendants"), alleging copyright infringement pursuant to the Copyright Act of 1976 (17 U.S.C., § 101 et seq.). Despite proper service of the summons and complaint, ECF No. 8, Vos Iz Neias has failed to plead or otherwise defend this action.[2] The Clerk of Court noted entry of defendant's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 10. Plaintiff now moves for a default judgment solely against defendant Vos Iz Neias. ECF No. 11. The Honorable Allyne R. Ross referred plaintiff's motion for a default judgment to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that plaintiff's motion for a default judgment against Vos Iz Neias should be granted and that plaintiff's claims against the Doe defendants should be dismissed without prejudice.

---

[1] Defendant's name is misspelled as "Voz Iz Neias" on the docket. The Clerk of Court is respectfully directed to amend the caption as set forth in this Report to reflect the correct spelling of defendant's name.
[2] Plaintiff has not served or taken any other action with respect to the Doe defendants.

1

# BACKGROUND[3]

Plaintiff is a fine art freelance photographer specializing in wildlife photography, known for his images of great white sharks. ECF No. 1, Complaint ("Compl.") ¶¶ 8, 9. His book *Great White and The Majesty of Sharks* has sold 25,000 copies and he released a limited-edition photographic print collection of his life's work at the Saatchi Gallery in London. Compl. ¶¶ 11-12. This action concerns plaintiff's photograph of a shark leaping out of the ocean ("the shark photograph"), which plaintiff registered with the United States Copyright Office (Registration No. VA 1-876-736). Id. ¶¶ 14, 16; Compl. Ex. A. Defendant Vos Iz Neias "is an online news site that caters to the Orthodox Jewish and Hasidic communities in the United States" and has a business address of 5514 13th Ave Brooklyn, NY 11219. Id. ¶¶ 3, 6, 17. Plaintiff alleges that defendant used his shark photograph on its website, https://vinnews.com ("the Website"), to illustrate an article, dated June 15, 2015, about shark attacks near Oak Island, North Carolina without his authorization or consent. Id. ¶¶ 19, 21-24; Compl. Ex. B.[4] Plaintiff also alleges that the Doe defendants "are responsible in some manner" for the infringement. Compl. ¶ 7. Plaintiff discovered the infringement on or around December 29, 2019. Id. ¶ 21.

# PROCEDURAL HISTORY

Plaintiff commenced this action on December 29, 2022 against Vos Iz Neias and "Does 1 through 10 inclusive" ECF No. 1. On January 30, 2023, plaintiff served Vos Iz Neias with the summons and complaint through the New York Secretary of State pursuant to N.Y. Business Corporation Law § 306. ECF No. 8. Vos Iz Neias failed to respond to the complaint. On March

---

[3] The facts are drawn from the uncontested allegations in plaintiff's complaint and are taken as true for the purpose of deciding this motion. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997) (deeming all well-pleaded allegations in a complaint admitted on a motion for a default judgment).

[4] As set forth in plaintiff's exhibit, "vosizneias.com" is the domain name for the site where the article at issue was published. That domain name, however, redirects traffic to vinnews.com.

13, 2023, the Clerk of Court noted entry of Vos Iz Neias's default pursuant to Federal Rule of Civil Procedure 55(a). ECF No. 10. Plaintiff now moves for a default judgment against Vos Iz Neias pursuant to Federal Rule of Civil Procedure Rule 55(b)(2). ECF No. 11.[5] At the Court's direction, plaintiff filed a declaration in support of their damages request, which was served on Vos Iz Neias. ECF No. 13 ("Fallows Decl.").

## DISCUSSION

### I.  Legal Standard

Rule 55 of the Federal Rules of Civil Procedure establishes the two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. FED. R. CIV. P. 55(b)(2).

In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95–96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right

---

[5] In a copyright action, venue is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "Where the defendant is an entity, it is deemed to reside in a district where it is subject to the court's personal jurisdiction with respect to the civil action in question." Kennedy Stock, LLC v. NLS N.Y. Inc., No. 18-CV-4991, 2019 WL 13096650, at *3 (S.D.N.Y. Nov. 18, 2019) (citing Heritage Lace, Inc. v. Underwraps Costume Corp., No. 18-CV-9796 2019 WL 3858585, at *2 (S.D.N.Y. Aug. 16, 2019) (quotations omitted)). Vos Iz Neias is a domestic corporation with a place of business in Brooklyn, New York and therefore venue is proper in this district. Compl. ¶ 6; ECF No. 11-1; Wexler v. Vos Iz Neias LLC, No. 20-CV-2103, 2021 WL 7908040, at *3 (E.D.N.Y. Aug. 4, 2021) (finding that the court may properly exercise personal jurisdiction over defendant Vos Iz Neias LLC); see also Daimler AG v. Bauman, 571 U.S. 117, 137 (2014) ("With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction.") (internal quotation, citation, and alterations omitted).

simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (courts must "supervise default judgments with extreme care to avoid miscarriages of justice")).

On a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted." Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 108 (2d Cir. 1997). Regardless of the assumption of truth, the Court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Id. (internal quotation marks and citation omitted). "In determining whether a plaintiff is entitled to default judgment, the court is limited to the non-conclusory, factual allegations in the complaint." Antoine v. Brooklyn Maids 26, Inc., 489 F. Supp. 3d 68, 78 (E.D.N.Y. 2020) (quotation and citation omitted). The Court is not so restricted in determining damages, which may be calculated based on documentary evidence, affidavits, or evidence gleaned from a hearing on damages. Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111).

**II.    Legal Standard**

The Copyright Act generally provides a copyright holder with exclusive rights to copy, reproduce, or otherwise distribute a protected work. 17 U.S.C. § 106; see also Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 668 (2014) ("The Copyright Act . . . grants copyright

4

protection to original works of authorship."). The "principle purpose of the Copyright Act is to encourage the origination of creative works by attaching enforceable property rights to them." Matthew Bender & Co. v. W. Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001).

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." Sohm v. Scholastic Inc., 959 F.3d 39, 48 (2d Cir. 2020) (quotation and citation omitted). A United States Register of Copyrights certificate of registration "constitutes prima facie evidence of the valid ownership of a copyright, although that presumption of ownership may be rebutted." Hamil Am., Inc. v. GFI, 193 F.3d 92, 99 (2d Cir. 1999). Alternatively, a plaintiff's assertion of the existence of a valid copyright, even without producing the certificate, is satisfactory in cases of default as the allegations in a complaint are accepted as true. Renna v. Queens Ledger/Greenpoint Star Inc., No. 17-CV-3378, 2019 WL 1061259, at *3 (E.D.N.Y. Feb. 13, 2019) (collecting cases); see also Warren v. John Wiley & Sons, Inc., 952 F. Supp. 2d 610, 617 (S.D.N.Y. 2013) ("Plaintiffs need only allege that plaintiff owns the copyrights in those works and that the copyrights have been registered in accordance with the statute. . . ." (quotation, citation, and alteration omitted)).

"To qualify for copyright protection, a work must be original to the author." O'Neil v. Ratajkowski, 563 F. Supp. 3d 112, 125 (S.D.N.Y. 2021) (quoting Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 345 (1991)). "Almost any photograph may claim the necessary originality to support a copyright, as long as there is some originality in rendition[,] timing or creation of the subject." Id. (citation, quotation, and alteration omitted).

A defendant copies constituent elements of a plaintiff's work, violating the Copyright Act, where: "(1) the defendant has actually copied the plaintiff's work; *and* (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements

of plaintiff's." Hamil Am., Inc., 193 F.3d at 99 (internal quotation and citation omitted). Where a plaintiff alleges that a defendant reproduced a copyrighted image without plaintiff's consent, he satisfactorily alleges a violation of his exclusive rights. Korzeniewski v. Sapa Pho Vietnamese Rest. Inc., No. 17-CV-5721, 2019 WL 312149, at *6 (E.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019).

Here, plaintiff established that defendant violated the Copyright Act. Plaintiff alleges that he is the sole author of the shark photograph, its sole copyright owner, and that the shark photograph was registered with the Copyright Office under registration number VA 1-876-736.[6] Compl. ¶¶ 14, 16. Defendant allegedly published the shark photograph on defendant's website, without plaintiff's authorization or consent in 2015. Id. ¶¶ 21-24. The complaint attaches a copy of the shark photograph, id. Ex. A, and screenshots of defendant's website publishing the shark photograph, id. Ex. B. The shark photograph on defendant's website is plaintiff's copyrighted photograph. Compare id. Ex. A with id. Ex. B. Accordingly, plaintiff has established that defendant infringed his rights under the Copyright Act and plaintiff is entitled to damages.

### III. Relief Under the Copyright Act

### A. Injunctive Relief

Under the Copyright Act, a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "A court may grant a permanent injunction on a motion for default judgment." Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). Here,

---

[6] Plaintiff's motion attaches the copyright registration effective May 28, 2013 for the shark photograph, which was first published in July 2001. ECF No. 11-1 at 10. While the shark photograph was not registered within five years of publication, the Court may exercise its discretion to consider the registration as *prima facie* evidence of a valid copyright in the absence of any evidence to the contrary. 17 U.S.C. § 410; CJ Prod. LLC v. Concord Toys Int'l Inc., No. 10-CV-5712, 2011 WL 178610, at *3 (E.D.N.Y. Jan. 19, 2011) (citing Michael Grecco Photography, Inc. v. Everett Collection, Inc., 589 F. Supp. 2d 375, 382 (S.D.N.Y. 2008)).

6

plaintiff seeks a permanent injunction to enjoin defendant "from further displaying or otherwise using" the shark photograph on its website without permission.[7] ECF No. 11-2, Memorandum in Support of Motion for Default Judgment, ("Pl.'s Mem."), at 11-12.

"In copyright cases, courts routinely award injunctive relief where liability is established and there is a threat of continuing infringement." Stokes v. MilkChocolateNYC LLC, No. 22-CIV-6786, 2023 WL 4447073, at *9 (S.D.N.Y. July 11, 2023) (quotation, citation, and alteration omitted). "Once success on the merits is established, 'a plaintiff seeking a permanent injunction must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" Id. (quoting Salinger v. Colting, 607 F.3d 68, 77-78 (2d Cir. 2010) (alterations omitted)). Although courts must not presume irreparable injury in copyright cases, "courts have tended to issue injunctions [in copyright cases] because to prove the loss of sales due to infringement is . . . notoriously difficult." Salinger, 607 F.3d at 81–82 (quotation and citation omitted).

Here, plaintiff has established defendant's liability and the four permanent injunction factors weigh in favor of granting a permanent injunction. First, plaintiff will likely suffer irreparable harm if defendant is not enjoined from publishing his copyrighted photograph without plaintiff's permission. Fallows Decl. ¶ 2; Compl. Ex. B. Defendant's default and the difficulty plaintiff faces "to prove the loss of sales due to infringement and the threat of continuing violations establishes the necessary irreparable harm." Supplement Mfg. Partner, Inc. v. Healthy Again, LLC,

---

[7] Plaintiff's complaint seeks an impermissibly broad injunction of "all [of plaintiff's] copyrighted works. . . ." Compl. At 5. By contrast, the relief sought in the default judgment motion is appropriately tailored to the shark photograph. See Beastie Boys v. Monster Energy Co., 87 F. Supp. 3d 672, 680 (S.D.N.Y. 2015) (limiting plaintiff's proposed injunction to the copyrighted material at issue in the lawsuit).

7

No. 22-CV-5106, 2023 WL 5278110, at *6 (E.D.N.Y. Aug. 16, 2023) (internal quotation and citation omitted).

Second, defendant's "refusal to defend this action creates a threat that they will continue to infringe Plaintiff's trademarks unless permanently enjoined from doing so." Ideavillage Prod. Corp. v. Bling Boutique Store, No. 16-CV-9039, 2018 WL 3559085, at *5 (S.D.N.Y. July 24, 2018). Before this case was commenced, defendant was found liable for copyright infringement in a separate action in this district. Wexler v. Vos Iz Neias LLC, 20-CV-2103, 2021 WL 7908040, at *9 (E.D.N.Y. Aug. 4, 2021), report and recommendation adopted, Electronic Order dated Aug. 23, 2021. While defendant has removed the shark photograph from its website,[8] Fallows Decl. ¶ 4, the threat of future infringement remains. See Beastie Boys, 87 F. Supp. 3d at 681 (granting permanent injunction even where defendant "promptly removed" copyrighted material).

Third, the balance of hardship favors plaintiff as defendant has defaulted and thus fails to identify any legitimate hardship. See McGraw-Hill Glob. Educ. Holdings, LLC v. Khan, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) ("It is axiomatic that an infringer cannot complain about the loss of ability to offer its infringing product.") (internal quotation marks, citation and alterations omitted.); Buttnugget Publ'g v. Radio Lake Placid, Inc., 807 F. Supp. 2d 100, 109 (N.D.N.Y. 2011) ("[T]o commence litigation for each future violation would be an extreme hardship, while preventing defendants from continually infringing on plaintiffs' copyrighted material is not."). Finally, enjoining defendant from using the shark photograph would not disserve the public interest as "the public has a compelling interest in protecting copyright owners' marketable rights

---

[8] Plaintiff's motion papers do not clearly state whether and when defendant removed the shark photograph from its website. His supplemental affidavit asserts it remained visible for "months" after it was discovered by plaintiff in December 2019. The Court construes this statement as an admission that the photograph was removed from defendant's website less than a year after plaintiff discovered it. Fallows Decl. ¶ 4. Plaintiff's counsel's somewhat cryptic statement that his pre-litigation efforts to "resolv[e] [plaintiff's] claims . . . were unsuccessful" apparently refers to defendant's refusal to settle, rather than a refusal to remove the image. Ngo's Decl. ¶ 12.

8

to their work so as to encourage the production of creative work." Beastie Boys, 87 F. Supp. 3d at 679 (quotations and citation omitted). I respectfully recommend that plaintiff's request for a permanent injunction prohibiting defendant from using the shark photograph should be granted.

**B. Damages**

It is well established that a default is "deemed to constitute a concession of all well pleaded allegations of liability," but it is "not considered an admission of damages." Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012) (internal quotation marks and citation omitted); see also Credit Lyonnais Secs. (USA), Inc., 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."). On a motion for a default judgment, a plaintiff has the burden to prove damages to the Court with a "reasonable certainty." Credit Lyonnais Secs. (USA), Inc, 183 F.3d at 155 (citing Transatlantic Marine Claims Agency, Inc., 109 F.3d at 111). The Court, however, does not need to hold a hearing, as "detailed affidavits and documentary evidence" may be sufficient. Cement & Concrete Workers Dist. Council Welfare Fund, 699 F.3d at 234 (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991)).

Under the Copyright Act, an infringing defendant may be liable for either actual damages suffered by the copyright's owner or for statutory damages. 17 U.S.C. § 504(a). An award of statutory damages, with respect to a single work, must be set by the Court in an amount between $750 and $30,000 to be determined "as the court considers just." Id. § 504(c)(1). In cases where the Court finds the copyright infringement to have been willful, the Court can increase the award to up to $150,000. Id. § 504(c)(2). "It is well-established that district courts have broad discretion in setting the amount of statutory damages within the minimum and maximum amounts prescribed

9

by the Copyright Act." Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 472 (S.D.N.Y. 2001) (citing Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 345–46 (1998)). "[U]nder the Copyright Act, a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit." Sohm, 959 F.3d at 52; see also Petrella, 572 U.S. at 672 (noting that in copyright infringement cases, a plaintiff may gain "retrospective relief running only three years back from the date the complaint was filed").

When determining the amount of statutory damages to award for copyright infringement, courts consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Rights Prod., Inc., 603 F.3d 135, 144 (2d Cir. 2010) (citing N.A.S. Imp. Corp. v. Chenson Enter., Inc., 968 F.2d. 250, 252–53 (2d Cir. 1992)). "Statutory damages [for copyright infringement] need not equal harm actually incurred by a plaintiff, but they should bear some relation to actual damages suffered." BWP Media USA, Inc. v. Gossip Cop Media, Inc., 196 F. Supp. 3d 395, 410 (S.D.N.Y. 2016) (internal quotation and citation omitted). Statutory damages are also "designed to discourage wrongful conduct." N.A.S. Imp., Corp. v. Chenson Enterprises, Inc., 968 F.2d 250, 252 (2d Cir. 1992) (quotation and citation omitted).

A default judgment establishes a defendant's liability and the Court need only assess whether support exists for the damages sought. Realsongs Universal Music Corp. v. 3A N Park Ave. Rest. Corp., 749 F. Supp. 2d 81, 85 (E.D.N.Y. 2010) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). When damages do not lend themselves to easy tabulation, the District Court has wide discretion and may rely on affidavits

and documentary evidence. Id. (citing Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508 (2d Cir. 1989)). The "[p]laintiff gets the benefit of the doubt in applying [the Bryant Court's] factors because" defendant's failure to participate in the litigation inhibits plaintiff from providing the Court with information relevant to each factor. Dermansky v. Tel. Media, LLC, No. 19-CV-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (quotation, citation, and alteration omitted).

An infringing defendant's willfulness, even absent a demand for enhanced statutory damages, speaks to its state of mind and is an important factor for the Court's consideration. Broad. Music, Inc. v. Prana Hosp., Inc., 158 F. Supp. 3d 184, 197 (S.D.N.Y. 2016). Courts in this Circuit have held that copyright violations by defaulting defendants may be presumed willful. See Rovio Entm't, Ltd. v. Allstar Vending, Inc., 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) ("Copyright infringement is deemed willful by virtue of a defendant's default.") (citations omitted).

Here, plaintiff requests $6,250 in statutory damages, a figure calculated by applying a multiplier of five to plaintiff's asserted license fee of $1,250. ECF No. 1-1 ("Ngo's Decl.") ¶ 16. ("The proposed multiplier of five is within the normal range that courts have applied in awarding statutory damages in similar case[s]."); see Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019), aff'd, 970 F.3d 167 (2d Cir. 2020) (noting that "in calculating statutory damages, the Court must determine both the licensing fee . . . as well as the appropriate multiplier of that fee"); Barcroft Media, Ltd. v. Coed Media Grp., LLC, 297 F. Supp. 3d 339, 360 (S.D.N.Y. 2017) (awarding statutory damages based on the license fee the Court determined to be the "closest proxy" to what the defendant would have paid). Plaintiff argues that he would have charged $1,250 for defendant's use of the shark photograph because he licensed a "set of comparable photographs

11

. . . to a public aquarium for educational purposes, for presentation for up to 4 times a day over a period of five years for a fixed fee of $1,250" in 2018. Fallows Decl. ¶ 5.

Plaintiff fails to establish that his prior license fee of $1,250 is a close proxy for what he would have charged for the use of the shark photograph, an issue which goes to plaintiff's lost revenue (the third Bryant factor) and expenses saved by defendant (the second Bryant factor). Plaintiff admits that the license fee he charges varies depending on the work, intended use, duration and frequency of use, and "other factors," id. ¶ 4, yet plaintiff does not explain why a prior license for multiple photographs for presentation four times per day over a period of five years sets a comparable baseline for defendant's use of a single image, even if the subjects are comparable. Plaintiff argues that the duration of defendant's infringement—which continued for "at least 4.5 years from June 2015 . . . to December 2019"—is "similar" to the five years of use authorized by the 2018 license agreement. Pl.'s Mem. at 17-18 (emphasis omitted). But this argument does not account for the fact that damages under the Copyright Act are "explicitly delimited … to the three years prior to the commencement of a copyright infringement action." Sohm, 959 F.3d at 52. "No recovery may be had for infringement in earlier years." Petrella, 572 U.S. at 677. In this case, plaintiff may only recover damages for infringement between December 29, 2019 and December 29, 2022.[9] Plaintiff asks the Court to calculate his damages based on his total fee for a five-year license given the corresponding length of defendant's infringement, but to grant this relief would award plaintiff damages for defendant's infringement prior to December 2019.[10] This is at odds with Sohm.

---

[9] Defendant's use during this period appears to have been relatively brief because, as discussed in footnote eight, it removed the shark photograph months after it was discovered by plaintiff in December 2019.

[10] The Court may consider evidence from outside plaintiff's three-year recovery window to award statutory damages for infringement within that time period. But by basing his damages request on a five-year license agreement, plaintiff seeks damages for a period of time that he cannot recover—that is, for defendant's infringement prior to December 2019—multiplied by five.

12

Nevertheless, while the Court cannot adopt plaintiff's method of calculation, the Bryant factors do militate in favor of awarding plaintiff meaningful damages. The Court may infer that defendant acted willfully based on its default. Ngo's Decl. ¶ 12. And here, "the defendant is in the publishing industry . . . [and] in a position to repeat the unauthorized reproduction of copyrighted material, as [d]efendant has done." Sadowski v. Yeshiva World News, LLC, No. 21-CV-7207, 2023 WL 2707096, at *7 (E.D.N.Y. Mar. 16, 2023), report and recommendation adopted, 2023 WL 2742157 (E.D.N.Y. Mar. 31, 2023) (awarding $7,500 in statutory damages for defendant's unauthorized use of plaintiff's photograph) (internal quotation and citation omitted). The Court notes another photographer previously secured a default judgment against defendant in this district for violating the Copyright Act based on allegations that defendant used his photographs on its website without permission. Wexler, 2021 WL 7908040, at *9. Given this prior conduct, an award equal to the $5,000 courts have awarded "under similar circumstances, a single infringement for unlicensed use of one or two photographs" is appropriate to deter defendant and other would-be repeat violators of the Copyright Act. Hirsch v. Sell It Social, LLC, No. 20-CV-153, 2020 WL 5898816 (S.D.N.Y. Oct. 5, 2020) (awarding $5000). Therefore, I recommend statutory damages in the total amount of $5,000.

**C. Costs**

Plaintiff requests $717.00 in costs for the $402.00 filing fee and $315.00 for service of the Summons and Complaint on defendant. Ngo's Decl. ¶ 18. The Court may take judicial notice of the $402 filing fee and has verified plaintiff's payment of the fee on the docket. Annuity, Welfare and Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs v. Coastal Envtl. Grp Inc., No. 18-CV-5791, 2019 WL 5693916, at *12 (E.D.N.Y. Aug. 30, 2019) (citation omitted). Additionally, plaintiff submitted an invoice from Writ Legal reflecting a total

13

of $315 in service fees. ECF No. 11-1 at 13. Accordingly, I recommend that the Court should award plaintiff $717.00 in costs.[11]

### D. Post-Judgment Interest

Finally, Plaintiff seeks post-judgment interest pursuant to 28 U.S.C. § 1961. Pl.'s Mem. At 20. Pursuant to 28 U.S.C. § 1961(a), "the award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n, 852 F.3d 217, 223 (2d Cir. 2017) (internal quotation marks, citation and alteration omitted). The exercise of judicial discretion in awarding post-judgment interest is not permitted. Id. (citation omitted). Accordingly, I recommend that the Court should award plaintiff post-judgment interest at the current legal rate allowed and accruing under 28 U.S.C. § 1961(a), from the date of the entry of judgment in this case until the date defendant satisfies the judgment.

### E. Doe Defendants

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Plaintiff names "Does 1 through 10 inclusive" in this action but does not address them in the motion for default judgment. Plaintiff's time to identify and serve the Doe defendants expired on March 29, 2023. Accordingly, the Court recommends that plaintiff's complaint against defendants "Does 1 through 10 inclusive" should be dismissed without prejudice.

---

[11] Plaintiff does not seek attorney's fees at this time and reserves his right to request said fees up to 14 days after the entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i). Pl.'s Mem., ECF No. 11-2 at 20. This request should be granted. In the future, plaintiff's counsel shall include any request for fees with his client's motion for a default judgment.

14

## CONCLUSION

Accordingly, it is respectfully recommended that plaintiff's motion for a default judgment against Vos Iz Neias should be granted. It is further recommended that the complaint against Does 1 through 10 inclusive should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). A default judgment should be entered against Vos Iz Neias in the amount of $5,717.00 reflecting the following awards to plaintiff: $5,000.00 in statutory damages under the Copyright Act and $717.00 in costs. Plaintiff should also be awarded post-judgment interest at the statutory rate from the date judgment is entered until the date defendant satisfies the judgment. I further recommend that the Court should issue a permanent injunction prohibiting defendant from using plaintiff's shark photograph. Plaintiff is hereby ordered to serve a copy of this Report upon defendant at its last known address and to file proof of service with the Court forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen days from service of this Report to file written objections. See Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: October 25, 2023
       Brooklyn, New York